1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| 10 | TRANSCONTINENTAL INSURANCE<br>COMPANY AND AMERICAN ) | 07-CV-01056-AWI-GSA |
| 11 | CASUALTY COMPANY OF )<br>READING, PA., ) | MEMORANDUM OPINION<br>AND ORDER DENYING |
| 12 | ) | COUNTER-DEFENDANTS'<br>MOTIONS TO DISMISS |
| 13 | **Plaintiffs,** )<br>**v.** ) | (Document # 16) |
| 14 | **ADOLPH MARTINELLI, JR., AND** )<br>**CLAUDIA SUE STEINHAUER,** ) | |
| 15 | ) | |
| 16 | **Defendants.** ) | |
| 17 | **AND RELATED COUNTER-CLAIMS** ) | |

18

19

20          This case comes before the Court on Counter-defendants' motions to dismiss for failure

21   to state a claim upon which relief may be granted.  For the reasons that follow, the motions to

22   dismiss will be denied.

23

24                    **FACTUAL AND PROCEDURAL BACKGROUND**

25          On July 24, 2007, Transcontinental Insurance Company ("Transcontinental") and

26   American Casualty Company of Reading, P.A. ("American Casualty") filed a complaint in this

27   Court seeking declaratory relief against Adolph Martinelli, Jr. and Claudia Sue Steinhauer in a

28   case involving insurance claims.  On October 1, 2007, Martinelli, Jr. and Steinhauer filed a

counter-claim against Transcontinental and American Casualty ("Counter-defendants").

As way of background, Martinelli, Jr. and Steinhauer ("Counter-claimants") allege that their olive orchards and grape vineyards were critically damaged in 2003 when the levee of one of the nearby process ponds of the California Olive Growers ("COG") failed and flooded their property with high salinity wastewater. The failure of the pond's levee resulted from its alleged negligent maintenance by COG. On June 24, 2004, Counter-claimants filed a complaint against COG in the Superior Court of California, County of Madera (Case No. MCV023703). They filed an amended complaint on October 6, 2004, seeking damages in the amount of $8.25 million.

At the time of the property damage, COG was insured by a Transcontinental commercial general liability policy and an American Casualty commercial umbrella policy. Transcontinental and American Casualty denied COG's claims, however, maintaining that the specific type of property damage was not covered under the policies. Counter-claimants allege that the denial of COG's claims forced it into declaring Chapter 11 bankruptcy in December 2004 (later converted to Chapter 7 bankruptcy). Counter-claimants eventually obtained a default judgment in their state action against COG on May 4, 2007 for $70,133,636, the alleged amount of the damage.

Counter-claimants now argue that Counter-defendants owe them duties and obligations as judgment creditors and third-party beneficiaries under COG's policies. As such, they bring counter-claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for direct action for recovery of a judgment under California Insurance Code § 11580, as judgment creditors.

In response, Counter-defendants filed the instant motions to dismiss each of the counter-claims for failure to state a claim upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6), on October 22, 2007. Counter-defendants argue that the counter-claims for breach of contract and breach of the implied covenant of good faith and fair dealing must be dismissed because Counter-claimants are neither parties to the contracts that were allegedly breached or that contain the covenant, respectively, nor assignees of rights under the contracts

1   and thus lack standing.  Counter-defendants argue that the counter-claim for recovery of the

2   judgment must be dismissed because the judgment that forms the basis of the claim for relief is

3   void.

4        Counter-claimants filed an opposition to the motions to dismiss on November 26, 2007.

5   Counter-defendants filed a reply on December 3, 2007.

6

7        **LEGAL STANDARD**

8   **A.    Motion to Dismiss for Failure to State a Claim**

9        Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

10  plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

11  This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

12  granted under any set of facts that could be proved consistent with the allegations."  Neitzke v.

13  Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480,

14  1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that

15  could be proved consistent with the allegations of the complaint" that would entitle plaintiff to

16  some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A dismissal under Rule

17  12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient

18  facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

19  2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a

20  complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in

21  the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786,

22  788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must

23  also assume that general allegations embrace the necessary, specific facts to support the claim.

24  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano

25  Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as

26  true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

27

28                                    3

inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

### B.    Motion to Dismiss for Lack of Jurisdiction

Because standing is a jurisdictional requirement, it is properly raised through a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and not through Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Whether a "particular party has standing to pursue a claim naturally precedes the question of whether that party has successfully stated a claim." Moreland v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir. 1998).

The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

### DISCUSSION

### A.    Standing to Sue Under California Law

Counter-claimants' first and second counter-claims refer to, respectively, a breach of the

1  terms and provisions of the insurance policies taken out from Counter-defendants by COG and a

2  breach of the implied covenants therein.  Counter-defendants argue that Counter-claimants are

3  neither parties to those insurance policies, nor assignees to the rights under those policies and

4  therefore lack the standing to bring such claims.  The obligations that Counter-defendants

5  allegedly breached, they argue, are owed only to their insured, COG, not to Counter-claimants or

6  to any other non-parties.  J.C. Penney Casualty Ins. Co. V. M. K., 52 Cal.3d 1009, 1018 (Cal.

7  1991).

8       Counter-defendants are correct in pointing out that Counter-claimants were not parties to

9  the insurance policy agreements between COG, the insured, and Counter-defendants, the

10  insurers.  Counter-claimants also concede that they did not obtain assignments to the rights under

11  those agreements.  However, Counter-claimants argue that California law provides for exceptions

12  that allow third-parties in Counter-claimants' position to bring the claims in this action.  The

13  Court agrees.

14       California Insurance Code § 11580(b)(2) states that no liability policy may be issued in

15  California unless it contains: "a provision that whenever judgment is secured against the insured

16  or the executor or administrator of a deceased insured in an action based upon bodily injury,

17  death, or property damage, then an action may be brought against the insurer on the policy and

18  subject to its terms and limitations, by such judgment creditor to recover on the judgment."  The

19  Code guarantees that a policy, "whether or not actually containing such provisions, shall be

20  construed as if such provisions were embodied therein."  Cal. Ins. Code § 11580.  Therefore,

21  once a judgment has been obtained by an injured plaintiff against an insured defendant, the

22  plaintiff has a statutory right under § 11580(b)(2) to enforce any liability insurance covering the

23  defendant.  See Reliance Ins. Co. v. Superior Court, 84 Cal.App.4th 383, 386 (Cal Ct. App.

24  2000).  Logistically, this means that a third party that seeks to collect under an insurance policy

25  for injury or loss must bring two lawsuits — a first suit against the insured and, after judgment is

26  obtained against the insured, a second suit as a judgment creditor against the insurer.  Billington

27

28                                        5

1  v. Interinsurance Exchange of Southern Cal., 456 P.2d 982 (Cal. 1969); Zahn v. Canadian Indem.

2  Co., 129 Cal. Rptr. 286 (Cal. Ct. App. 1976).

3          The effect of the required provision quoted above is that a judgment creditor of the

4  insured becomes a third party beneficiary of the insurance policy.  As a third party beneficiary of

5  the policy, the plaintiff can enforce the insurer's obligations thereunder.  Thus upon securing

6  judgment against the insured, the injured party has a direct action against the insurer, which is

7  neither derivative nor dependant upon any assignment from the insured.  Gonzalez v. St. Paul

8  Mercury Ins. Co., 60 Cal.App.3d 675, 680-681 (Cal. Ct. App. 1976) ("Once the claim . . . was

9  reduced to judgment, they possessed an independent cause of action. . . ."; Shafer v. Berger,

10  Kahn, Shafton, Moss, Figler, Simon & Gladstone, 107 Cal.App.4th 54, 68. (Cal. Ct. App. 2003).

11  The statute confers standing upon the judgment creditor.

12

13          **B.      Third Counter-Claim — Direct Action for Recovery of Judgment**

14          In this case, Counter-claimants already brought a first suit against COG and obtained a

15  default judgment for property damage earlier this year.  A "default judgment" satisfies the

16  statute's requirement of a "secured judgment" because it is considered a complete adjudication of

17  all the rights of the parties embraced in the prayer for relief and arising from the facts stated in

18  the complaint.  The defaulted defendant is presumed to have acceded to the allegations in the

19  complaint and to have consented that plaintiff should obtain the relief therein prayed for.  Brown

20  v. Brown, 147 P. 1168 (Cal. 1915).  Counter-claimants now properly bring a second suit as a

21  judgment creditor against the insurers, Counter-defendants.  It is undisputed that COG was an

22  insured of Counter-defendants.

23          Counter-defendants argue that the default judgment of $70,133,636 against COG is, in

24  fact, void as a matter of law because it exceeds the amount sought in the complaint and thus

25  violates California Code of Civil Procedure § 580(a) ("[t]he relief granted to the plaintiff, if there

26  is no answer, cannot exceed that demanded in the complaint . . .").  A void judgment is not

27

28                                                6

1   "final" because it may be set aside (<u>Michel v. Williams</u>, 13 Cal.App.2d 198, 199 (Cal. Ct. App.

2   1936)) and thus cannot be considered a "secured judgment" that would allow Counter-claimants

3   to bring a direct action against the insurers.

4          Counter-claimants respond that California courts only consider the excessive amount of

5   the judgment void in such instances.  Indeed, the California Supreme Court has held that when a

6   default judgment award exceeds the relief sought, only the amount in excess—and not the entire

7   judgment—is void.  <u>Becker v. S.P.V. Construction Co.</u>, 27 Cal.3d 489, 495 (Cal. 1980).  In

8   Counter-claimants' underlying complaint against COG, they sought only $8.25 million in

9   damages, but in the default judgment they were awarded over $70 million.  Based on the

10  principle in <u>Becker</u>, the Court finds that the judgment is only valid for the amount of $8.25

11  million.

12         Because Counter-claimants have a final judgment against the insured and now bring a suit

13  against the insurers as judgment creditors, the Court finds that they properly brought a direct

14  action under California Insurance Code § 11580.  Therefore, Counter-defendants' motion to

15  dismiss the third counter-claim is denied.

16

17  **C.     Second Counter-Claim — Breach of the Implied Covenant of Good Faith**

18  **and Fair Dealing**

19         As discussed above, a judgment creditor becomes a third party beneficiary of the policy

20  and can enforce the insurer's obligations thereunder—this includes the implied covenant of good

21  faith and fair dealing.  Thus, the insurer owes a duty to exercise good faith in not withholding

22  adjudicated damages owed to the judgment creditor.  See <u>Hand v. Farmers Ins. Exch.</u>, 23

23  Cal.App.4th 1847, 1858 (Cal. Ct. App. 1994) (holding that "once having secured a final

24  judgment for damages, the plaintiff becomes a third party beneficiary of the policy, entitled to

25  recover on the judgment on the policy.  At that point the insurer's duty to pay runs contractually

26  to the plaintiff as well as to the insured.  And the plaintiff having also become a beneficiary of

27

28                                              7

the covenant of good faith . . ., the duty to exercise good faith in not withholding adjudicated

damages necessarily is owing to the plaintiff also.").  Under the rule in Hand, Counter-claimants

may bring the present bad faith claim against Counter-defendants only so far as it touches on

Counter-defendants' post-judgment conduct toward Counter-claimants.[1]  To that extent, Counter-

defendants motion to dismiss the second counter-claim is denied.


###         D.       First Counter-Claim — Breach of Contract

_____The Court notes that Counter-claimants seem to characterize their first counter-claim

differently in their Opposition to Counter-defendants' Motions to Dismiss (Document # 19) from

their Counter-Claim (Document # 11).  The Court will construe the first counter-claim as it was

originally plead in Counter-claimants' Counter-Claim (Document # 11), as filing an opposition

to a motion to dismiss is not an appropriate means by which to amend a claim.  The issue then is

whether Counter-claimants may bring their breach of contract claim against Counter-defendants.

Again, Counter-defendants are correct in pointing out the general rule that absent an

assignment of rights, a third party claimant may not bring a direct action against an insurance

company on the contract because the insurer's duties flow to the insured.  However, as explained

above, now that Counter-claimants have a final judgment against COG, they have become third

party beneficiaries of the insurance policies and may enforce the terms which flow to their

benefit pursuant to California Insurance Code section 11580.  As third party beneficiaries,

Counter-claimants may also sue the insurers utilizing traditional contract principles.  Harper v.

Wausau Ins. Co., 56 Cal.App.4th 1079, 1086 (Cal. Ct. App. 1997).

Counter-defendants correctly argue that the duty to defend and the duty to settle, which

Counter-claimants plead were breached, are owed directly to the insured.  Judgment creditors

may not bring claims based on those breaches because they are only incidental beneficiaries of

---

[1] By Counter-claimants' own concession, the portions of the second counter-claim based on the insurers' failure to defend COG or other conduct directed toward COG are surplusage and are hereby stricken.

those duties.  See San Diego Housing Com'n v. Industrial Indem. Co., 95 Cal.App.4th 669, 684 (Cal. Ct. App. 2002); Murphy v. Allstate Ins. Co., 17 Cal.3d 937, 941 (Cal. 1976).  However, Counter-claimants, as third party beneficiaries, may bring a breach of contract claim to the same extent as they may bring their claim for a breach of the implied covenant of good faith and fair dealing—only so far as it touches on Counter-defendants' post-judgment conduct toward Counter-claimants, specifically their failure to pay the valid portion of the final judgment.  Where an insurance policy contains a provision to pay for the property damage caused by the insured, it is meant to directly confer a benefit on the injured third parties.  Harper, 56 Cal.App.4th at 1089. Therefore, to that extent, Counter-claimants may bring a breach of contract claim directly against the insurers, and Counter-defendants motion to dismiss the first counter-claim is denied.

# **ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1. Counter-defendants' motion to dismiss the first counter-claim is DENIED to the extent the counter-claim touches on Counter-defendants' post-judgment conduct toward Counter-claimants;

2. Counter-defendants' motion to dismiss the second counter-claim is DENIED to the extent the counter-claim touches on Counter-defendants' post-judgment conduct toward Counter-claimants; and

3. Counter-defendants' motion to dismiss the third counter-claim is DENIED to the extent the judgement sought to be recovered does not exceed the amount of $8.25 million.

IT IS SO ORDERED.

Dated:   **January 8, 2008**                       **/s/ Anthony W. Ishii**
                                        UNITED STATES DISTRICT JUDGE